## HELEN BROUILLARD v. W. A. GREEN.[1]

July 6, 1923.

No. 23,463.

**Judgment notwithstanding verdict sustained.**

> Under the circumstances shown by the evidence, the plaintiff was not entitled to recover for the services rendered by her or for the meals furnished to defendant and his employes, and the trial court was justified in setting aside the verdict returned in favor of plaintiff and rendering judgment in favor of the defendant.

Action in the municipal court of Minneapolis to recover $956 for services rendered and meals furnished. The case was tried before C. L. Smith, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $450. Defendant's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Norton & Norton,* for appellant.

*Edward Nelson* and *Einar Hoidale,* for respondent.

QUINN, J.

Action to recover for meals furnished, for services rendered in taking care of milk and cream and for keeping books of account on defendant's farm in Otter Tail county, from March, 1919, to April, 1921. Plaintiff recovered a verdict of $450. The court on motion set it aside and ordered judgment in favor of the defendant. From the judgment so entered plaintiff appeals.

The defendant and William Brouillard are brothers-in-law. Mrs. Brouillard is the plaintiff in this action. The defendant and Brouillard, in March, 1919, entered into an oral partnership agreement, whereby they were to work and operate defendant's farm. Defendant was to advance the money with which to stock, equip and operate the farm, the operating expenses to be repaid him from

[1]Reported in 194 N. W. 395.

the gross receipts and the balance of the receipts to be divided equally. Brouillard was to pay defendant one-half of the amount advanced for the purchase of stock and equipment when he was able so to do, each to own an undivided one-half interest therein, and Brouillard was to move onto the farm with his family and work and operate the same.

During the season of 1919, there was considerable tearing down of old buildings, putting up of new ones, hauling of sand, cement and lumber, putting in a water system, digging ditches and the like, requiring help aside from the usual farm labor, which was not contemplated when the agreement was entered into. Defendant paid for this labor without it being charged to the partnership account. The carpenters paid plaintiff for their board, and the other men boarded with the plaintiff on the farm but did not pay her for the same. The plaintiff did the housework on the farm, looked after the milk and cream and kept books of account for the partnership. In December there was a settlement of the partnership affairs for the season, excepting the account for money advanced by defendant for the purchase of stock and equipment, which was left open. The plaintiff owned a house and lot which she sold to the defendant for $800. He gave her a check for $250 and credited the balance to her husband's partnership account. She brings this suit to recover $650 for meals furnished to defendant and his employes, and $306 for keeping the books of account and taking care of the milk and cream.

The trial court correctly instructed the jury that there was no testimony in support of plaintiff's claim for caring for the milk and cream. As to her claims for furnishing meals to the defendant and his employes, and for keeping the books of account, she bases the same upon a specific request of the defendant. The plaintiff testified, in substance, that the $550 which she was to receive for the house was her own individual money, and that she figured that because that was credited to her husband's partnership account, she was entitled to charge for the board and running the house; that at the end of the month of February, 1921, there was a balance on the books of over $2,000 against her husband; that she kept the

books and that the $550 appeared thereon in reduction of the account her husband was owing the defendant; that she had the privilege of drawing checks on defendant's bank account and that she did draw some, but that the money was used for eatables and other farm expenses; that most of the money which she received from the carpenters was used to provide board for the men, and that, at the request of defendant, she kept the books of account and boarded the men.

Further plaintiff's testimony is to the effect that at the time she rendered these services, she made no claim for the same; that she made monthly statements of account between her husband and the defendant, but at no time asked defendant for pay for the services sued for. She further testified, in effect, that, when they were going out to look the farm over before the agreement was entered into, defendant stated that they would need help on the farm and asked her if she would board them, to which she consented; that, at the beginning of the year 1920, defendant was owing her for the board, but that she did not say anything to him about it at the time of the settlement for the season of 1919; that she could have drawn on defendant's bank account at any time if she had wanted to, but that she did not do it; that she never said anything to defendant about it until after she left the farm nor made any memorandum showing that defendant owed her therefor and that she never spoke to him about compensation for keeping the books of account. Appellant is entitled to have the most favorable consideration of the testimony, in accordance with the verdict of the jury. The testimony referred to stands uncontradicted in the record. The books were kept by plaintiff. They show that the $550 was considered when the books were balanced and the settlement had between plaintiff's husband and the defendant, with her full knowledge and consent. She must be held to have acquiesced and consented to the $550 being used in the reduction of her husband's indebtedness to the defendant. There is no evidence to indicate that plaintiff expected that she was to do the work for hire. She was assisting her husband in running the farm. The testimony conclusively shows that plaintiff did not intend to charge for the meals

or the service, and that there was no understanding between her and the defendant that charges were to be made therefor. The defendant paid for the provisions for the house in the first instance and he was reimbursed therefor from the gross receipts of the farm. Under these circumstances there is a total lack of evidence to support either of plaintiff's claims.

Judgment affirmed.